Case 1:02-cr-00090-DAE  Document 217  Filed 10/05/2004  Page 1 of 4



ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO 02-00090 DAE |
| Plaintiff, | ) | |
| vs. | ) | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII |
| MICHAEL F. SCHULZE, | ) | OCT 0 5 2004 |
| Defendants. | ) | at 3 o'clock and 50 min. P M. WALTER A.Y.H. CHINN, CLERK |

ORDER DENYING DEFENDANT'S RULE 35(a)
MOTION TO CORRECT SENTENCE

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Defendant's Motion and the supporting and opposing memoranda, the court DENIES Defendant's Rule 35(a) Motion To Correct Sentence.

BACKGROUND

On September 2, 2003, Defendant Michael Schulze ("Defendant") was sentenced to a substantial period of imprisonment and ordered to pay a fine of $50,000. At Defendant's sentencing, the court noted that $23,000 had been seized

from Defendant's residence and ordered that this sum be credited toward Defendant's $50,000 fine. On August 5, 2004, Defendant filed a Motion for Relief Pursuant to Rule 35(a) ("Motion"). In his Motion, Defendant argues that the amount that was seized from his residence was actually $23,726, and consequently, an additional $726 should be credited toward the payment of his fine.

On September 23, 2004, the Government filed a Response to Defendant's Motion ("Response"). In its Response, the Government agrees that the actual amount seized from Defendant's home was $23,726. Response at 2. However, the Government argues that pursuant to Federal Rule of Criminal Procedure ("FRCRP") 35(a), the court only has seven days from the date of a sentencing to correct an "arithmetical, technical, or other clear error." Id. The Government points out that the court issued its Judgment and Commitment Order in this case on September 10, 2003, which required that the sum of $23,000 be credited toward Defendant's fine, and as a result, the time in which the court could modify Defendant's sentence has expired. Regardless, the Government represents that it has confirmed that "the full $23,726 has been credited toward Defendant's fine. On April 15, 2004, the United States Marshal's service paid to the United

States District Court Clerk's office a check in the amount of $23,726 to be credited toward Defendant's fine." Id.

As the Government points out, FRCRP Rule 35(a) states that "within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). If the court does not correct the sentence within seven days of orally pronouncing it, the court loses its jurisdiction to modify it. United States v. Penna, 319 F.3d 509, 512 (9th Cir. 2003).

The Court notes that Defendant was sentenced on September 2, 2003, and Defendant filed this motion on August 5, 2004. As Defendant failed to file his motion in a timely manner, the court is without jurisdiction to grant him the relief requested. Consequently, the Court DENIES Defendant's Rule 35(a) Motion To Correct Sentence. Regardless, the Court notes that Defendant's Motion is now moot, as the Government has confirmed that the full $23,726 has been credited toward the payment of Defendant's fine.

## CONCLUSION

For the reasons stated above, the court DENIES Defendant's Rule 35(a) Motion To Correct Sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, OCT 0 5 2004.

_____
DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

United States of America v. Michael F. Schulze, CR No. 02-00090 DAE; ORDER DENYING DEFENDANT'S RULE 35(a) MOTION TO CORRECT SENTENCE